CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 18, 2013

LETTER TO COUNSEL

      RE:    *Steven J. Desombre v. Commissioner of Social Security*;
              Civil No. SAG-12-2246

Dear Counsel:

      On July 30, 2012, claimant Steven Desombre petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 9, 12). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Desombre filed his claims for benefits on March 18, 2009, alleging disability beginning on January 8, 2009. (Tr. 51-57). His claims were denied initially on July 30, 2009, and on reconsideration on May 14, 2010. (Tr. 38-41, 42-43). After a hearing on August 12, 2011, (Tr. 1270-1303), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits after determining that Mr. Desombre was not disabled. (Tr. 13-27). The Appeals Council denied Mr. Desombre's request for review, (Tr. 5-7), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Mr. Desombre suffered from the severe impairments of traumatic brain injury, right eye blindness, multiple fractures status post an automobile accident in January 2009, organic mental disorder, and alcohol abuse. (Tr. 18). Despite these impairments, the ALJ found that Mr. Desombre had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling. He can never climb ladders, ropes or scaffolds. The claimant is blind in his right eye and is precluded from positions that require fine depth perception. He is able to perform simple tasks on a prolonged basis and manage within a basic routine. He requires the use of a cane for ambulation.

(Tr. 20). After hearing testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Desombre could perform work existing in significant numbers in the national economy, and that he therefore was not disabled. (Tr. 26-27).

Mr. Desombre makes several arguments in support of his appeal. He contends that the ALJ erred by improperly evaluating the opinion of Dr. Kahan. Pl. Mot. 11-12. That argument is unpersuasive, because the ALJ properly distinguished Dr. Kahan's opinion as being focused on the claimant's inability to perform his past work. (Tr. 25). Dr. Kahan's opinion cannot be read to suggest whether or not Mr. Desombre is capable of other gainful employment.

Mr. Desombre further contends that the ALJ failed to provide a "more detailed" assessment of his capacity to perform the mental demands of work while assessing his RFC. Pl. Mot. 12-14. Mr. Desombre's argument consists entirely of boilerplate, with the exception of a single, unexplained citation to the ALJ opinion. *Id.* Mr. Desombre provides no analysis of how a "more detailed" assessment might have resulted in a different outcome. Remand is therefore unwarranted on that basis.

However, I find that the ALJ has failed to discharge his duty of explanation as to Mr. Desombre's mental health issues. Most significantly, the ALJ found that Mr. Desombre suffered from moderate impairment in the areas of social functioning and interaction with others, but included no restrictions in the RFC pertaining to social functioning. (Tr. 20). To support his finding of moderate difficulties, the ALJ said only that, "Treatment records indicate the [sic] reported no difficulties interacting with others and visiting with his friends daily." (Tr. 20). That description fails to identify what the moderate difficulties are. More importantly, the record is rife with references to the fact that Mr. Desombre's brain injury triggers inappropriate behavior, including attempts at humor in unsuitable circumstances. *See, e.g.,* (Tr. 121) (3/26/09 therapy note noting humor that was "a little inappropriate for a first time meeting with a professional"); (Tr. 483) (2/5/09 speech pathology note noting that Mr. Desombre was "confabulatory and inappropriate in conversation"); (Tr. 616) (2/26/09 therapy note noting "redirection for inappropriateness in group"); (Tr. 619) (2/18/09 group therapy note relating "several inappropriate comments"); (Tr. 98) (Mr. Desombre's adult function report in which he answered the question "For how long can you pay attention?" with "If the women attractive, forever."); (Tr. 674-76) (3/5/09 neuro rehabilitation notes indicating, "PT goals limited by inappropriate behavior" and "Pt. educated re: inappropriate remarks to staff"); (Tr. 1128) (5/10/10 physician note that Mr. Desombre had "post-traumatic headache and a slightly inappropriate affect 2/2 to his frontal lobe injury"); (Tr. 1139) (clinic note that, "Pt has some frontal lobe injury symptoms which include inappropriate comments and jokes. Told him some of these were inappropriate at last visit."); (Tr. 1180) (clinic note that, "Pt has some frontal lobe injury symptoms which include inappropriate racial comments and jokes."); (Tr. 1239) (Mr. Desombre's self-assessment at his initial visit to a clinic in which he listed his strengths as including, "I'm good in bed."). The ALJ did not discuss any of this evidence relating to the impact of Mr. Desombre's brain injury on his ability to interact in a professional setting, and did not explain his decision not to include any RFC limitations on interaction with the general public, co-workers, or supervisors. The ALJ has therefore not provided sufficient analysis for me to determine whether Mr.

Desombre's RFC was premised on substantial evidence. Remand is therefore warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. Desombre was ineligible for benefits was correct or incorrect.

With remand already ordered to address the social functioning concerns, several of Mr. Desombre's other arguments warrant additional discussion by the ALJ. First, while the ALJ made reference to Mr. Desombre's reports of daily headaches with photophobia, the ALJ failed to address the severity of those symptoms at Step Two and failed to discuss whether an RFC restriction would be appropriate. Second, the ALJ did not discuss consultative examiner Dr. Burlingame's opinion that Mr. Desombre would have poor ability to tolerate work-related stresses and demands. Finally, on remand, the ALJ should provide additional evaluation of the mental health evidence from Mr. Desombre's treating physicians. Following this analysis, the ALJ will be able to provide an appropriate hypothetical to the VE at the remand hearing.

For the reasons set forth herein, Mr. Desombre's motion for summary judgment (ECF No. 9) and Defendant's motion for summary judgment (ECF No. 12) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge